UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEREMY J. ROUBIDEAUX, ) | CIV. 10-5066-JLV |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| vs. ) | FOR WRIT OF AUDITA |
| ) | QUERELA |
| ROBERT DOOLEY, ) | |
| Warden, Mike Durfee State Prison, ) | |
| ) | |
| Respondent. ) | |

Pending before the court is a petition for writ of audita querela filed by petitioner Jeremy J. Roubideaux on August 6, 2010. (Docket 1). For the reasons set forth below, the court dismisses the petition.

**PROCEDURAL HISTORY**

On May 3, 2010, Mr. Roubideaux filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1, Civ. 10-5031). Mr. Roubideaux challenged his state conviction by alleging the state of South Dakota lacked jurisdiction to prosecute an enrolled member of the Yankton Sioux Tribe. Id. The court dismissed Mr. Roubideaux's § 2254 petition for failure to exhaust state court remedies. (Docket 4, Civ. 10-5031).

On August 6, 2010, Mr. Roubideaux filed a petition for writ of audita querela, raising the same jurisdictional challenge as in his § 2254 petition. (Docket 1, Civ. 10-5066). The court referred the matter to Magistrate Judge

Veronica L. Duffy for a report and recommendation.  (Docket 7, Civ. 10-5066).  On November 9, 2010, Judge Duffy issued a report recommending dismissal of Mr. Roubideaux's petition.  (Docket 8, Civ. 10-5066).  Mr. Roubideaux timely filed objections.  (Docket 11, Civ. 10-5066).

## DISCUSSION

The court reviewed the record in this case *de novo* and carefully considered Mr. Roubideaux's objections to the report and recommendation.  The court finds Mr. Roubideaux's objections to be without merit.

Judge Duffy provided a thorough and accurate discussion of the law regarding writs of audita querela.  The court incorporates by reference this discussion.  The court agrees with Judge Duffy's conclusion that Mr. Roubideaux's claims are properly raised in a § 2254 petition, not a writ of audita querela.  However, even if the court were to construe Mr. Roubideaux's pleading as a § 2254 petition, relief cannot lie as explained below.

The court agrees with Judge Duffy's conclusion that Mr. Roubideaux failed to fully exhaust state court remedies, thereby precluding him from seeking relief in federal court.  In his objections, Mr. Roubideaux noted he raised his claims in a petition for writ of habeas corpus filed on June 30, 2010, in the First Judicial Circuit Court for Yankton County, South Dakota.

(Docket 11, Exhibit A, Civ. 10-5066).  The state court denied the habeas petition on July 15, 2010.  Id. at pp. 12-13.  It appears Mr. Roubideaux did not seek review by the South Dakota Supreme Court and, thus, did not fully exhaust state court remedies before seeking federal relief.

As a prerequisite to filing a § 2254 petition, the state courts must have the opportunity to hear federal constitutional claims and adjudicate those claims on the merits.  Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006).  An applicant may only file a § 2254 petition in federal court once he has exhausted state court remedies for the question presented.  28 U.S.C. § 2254(b)(1)(A).  "[T]he exhaustion doctrine [of 28 U.S.C. § 2254] requires a state prisoner to file for any available discretionary review in the state's *highest court* prior to filing for federal habeas relief."  Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (emphasis added); see also Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) ("A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim.").  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "Comity thus dictates that when a prisoner alleges that his continued confinement

3

for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." Id. at 844. In short, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process." Id. at 845 (emphasis added).

If the state circuit court denies a habeas petition, the petitioner may seek appellate review by the South Dakota Supreme Court. Review by the South Dakota Supreme Court, the state's highest court, is a prerequisite to complete exhaustion of state court remedies. Section 21-27-18.1 of the South Dakota Codified Laws provides the mechanism for seeking such review. This statute reads, in part, as follows:

> A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered. The issuance or refusal to issue a certificate of probable cause is not appealable. However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal.

SDCL § 21-27-18.1.

By filing a motion for a certificate of probable cause with the South Dakota Supreme Court, a petitioner affords the state's highest court the

4

opportunity to review his claims and determine whether the claims have merit. Mr. Roubideaux did not provide the South Dakota Supreme Court with such an opportunity, thereby failing to complete one complete round of the state's review process.[1] Thus, this court cannot consider the merits of his claims.

Even if Mr. Roubideaux properly exhausted all available state court remedies, this court cannot consider a second or successive § 2254 petition without prior approval from the Court of Appeals for the Eighth Circuit. Judge Duffy's report and recommendation provides a thorough discussion, incorporated herein, of this issue. Mr. Roubideaux failed to seek approval

---

[1] A four-step analysis applies to determine whether a federal court can consider a § 2254 petition when the petitioner has not presented his claims to the state courts. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). Initially, "the court must determine if the petitioner fairly presented 'the federal constitutional dimensions of his federal habeas corpus claim to the state courts.'" Id. If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no " 'currently available, non-futile state remedies' through which petitioner can present his claim" exist. Id. (quoting Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)). If a state remedy does not exist, the court must determine whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." Id. (quoting Laws, 834 F.2d at 1415). If the petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Id. The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. Id.

As previously explained, the court finds Mr. Roubideaux has recourse to a non-futile, available state court remedy to pursue his claims, namely appellate review by the South Dakota Supreme Court. The court also finds Mr. Roubideaux failed to show good cause to excuse his failure to exhaust.

5

from the Eighth Circuit before filing his petition, thereby precluding this court from considering the merits of his claims.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED Mr. Roubideaux's petition for writ of audita querela (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that the report and recommendation (Docket 8) is adopted as supplemented by the above discussion.

IT IS FURTHER ORDERED that Mr. Roubideaux's objections (Docket 11) to the report and recommendation are denied.

IT IS FURTHER ORDERED that Mr. Roubideaux's motion to proceed *in forma pauperis* (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that the $350 filing fee is waived in full.

Dated January 19, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE